# Commonwealth v. Bailey

*Doug Sepic, assistant district attorney,* for Commonwealth.

*David Shrager,* for defendant.

LESKINEN *J.,* November 30, 2009—Before this court is an omnibus pretrial motion filed by the defendant, Jonathan Bailey. After full consideration of the record, arguments by counsel and pertinent case law, the court finds that the defendant's motion must be denied in part and granted in part pursuant to Bailey's statements.

## BACKGROUND

On the date of the alleged incident, October 10, 2008, Bailey was under pretrial supervision through the Fayette County Adult Probation and Parole Office on a drug related offense. Around this time, the probation officers came into possession of a photograph downloaded from "MySpace." The photo displayed Bailey brandishing a semi-automatic handgun in front of the gold Chevrolet Caprice that Bailey sometimes operated. Possession of the firearm was a violation of the conditions of the pretrial services contract Bailey signed on January 23, 2008 in order to get out of jail on bond. On October 10, 2008, when the officers arrived at Bailey's residence, they witnessed Bailey in what appeared to be a drug deal on the street in front of Bailey's home. As the probation officers approached Bailey he retreated around the east side of his house. Bailey re-emerged moments later and spoke with Officer Townsend.

Officer Williams began a search of Bailey's house pursuant to the conditions of the pretrial supervision. In Bailey's bedroom, Officer Williams found many plastic

sandwich baggie corners commonly used for the packaging and distribution of cocaine. Officer Williams also confiscated a "nickel-bag" package of suspected marijuana, a smoking device from a jacket pocket found in the living room and two shotguns found behind a sofa. Officer Williams then searched the outside of the residence. In the grass on the east side of the house where Bailey had retreated when the officers first approached the residence, he found two plastic baggies containing golf ball size quantities of suspected powder cocaine and a silver digital scale caked with suspected cocaine.

Officer Townsend conducted a search of Bailey's person finding approximately $461 in his front pocket and a bundle of plastic sandwich baggies. Bailey was handcuffed and detained in the probation office vehicle. The probation officers questioned Bailey about the sandwich bags, to which Bailey responded he "eats a lot of sandwiches." The officers also asked Bailey how he supported himself and Bailey stated "I make money when I get it, how I get it." Although these statements are arguably not inculpatory, they were the product of interrogation, and the defendant was in custody.

Officers Williams and Townsend then searched Bailey's gold Chevrolet Caprice. Bailey spontaneously stated to the officers, "everything in the car is mine." In the vehicle, Townsend located a box of open 9 mm ammunition and a number of small vials usually used to package phencyclidine a Schedule II controlled substance. Williams also discovered paperwork detailing the working mechanism of a shotgun and a semi-automatic handgun.

Detective O'Barto and Patrolman Norman Howard arrived at Bailey's residence after the searches occurred. The probation officers informed them of what they had discovered. O'Barto then read Bailey his *Miranda* rights and informed him he was under arrest. O'Barto proceeded to question Bailey in the presence of Officers Williams and Townsend. When questioned about the bundle of baggies found on his person, Bailey again answered that he "eats a lot of sandwiches." Bailey also stated that he did not know where any firearms were and that he did not receive public assistance or S.S.I. When questioned if Bailey was employed he again responded, "I make money when I get it, how I get it."

Bailey filed this omnibus pretrial motion on July 20, 2009 and the matter was heard on September 24, 2009.

## DISCUSSION

Bailey avers that the officers did not possess the necessary probable cause or reasonable suspicion of criminal activity to justify the search of his person, residence or vehicle. The Fourth Amendment to the United States Constitution and Article I §8 of the Pennsylvania Constitution protects individuals from unreasonable searches and seizures, thus ensuring the "right of each individual to be let alone." *Commonwealth v. Blair,* 394 Pa. Super. 207, 214, 575 A.2d 593, 596 (1990).

However, when Bailey was searched, he was currently on pretrial services with the Fayette County Adult Probation and Parole Office. Because of concern that he would commit crimes while out on bond, "pretrial services" were made a condition of his release from detention.

By agreeing to the terms and conditions of the pretrial services contract, Bailey had a substantially diminished expectation of privacy while he was under the adult probation/parole office's supervision.

As one of the conditions of the contract, Bailey agreed to submit to searches of his person, property, vehicle or residence with regards to potential violations. More specifically paragraph 15 of the contract states:

"I will submit to searches of my person, property, vehicle, and residence where such place is legally under my control, with regard to violations. The search may be conducted by a probation/parole officer and/or his/her agent and any illegal substances, narcotics, implements, intoxicants and/or contraband will be subject to seizure"

The Commonwealth asserted that prior to the search of Bailey, his vehicle and residence, the probation officers were alerted to a possible violation from a tip concerning Bailey's MySpace page. The website showed a picture of Bailey brandishing a gun which is a violation of paragraph 14 of this pretrial services contract which states, " I will not possess, control, transport or use any firearms or dangerous weapons."

Due to concerns of a possible violation, the probation officers went to Bailey's residence to further investigate. When the probation officers arrived Officer Townsend testified he witnessed Bailey in a potential drug deal which in fact is another violation of his contract with adult probation, paragraph 10 that states: " I will not possess or use any controlled substance."

Thus, this court finds that under the terms of the contract and the testimony of the probation officers, the officers acted reasonably and properly in their search of Bailey, his car and his residence, as it was obvious that Bailey had violated one or more of the conditions contained in his pretrial services contract.

Bailey also avers the omnibus pretrial motion should be granted since Bailey was without counsel when questioned and did not understand his right against self-incrimination. As a general rule, the prosecution may not use statements, whether inculpatory or exculpatory, stemming from a custodial interrogation of a defendant, unless it demonstrates that he or she was apprised of his or her right against self-incrimination and his or right to counsel. *Commonwealth v. Umstead,* 916 A.2d 1146 (Pa Super. 2007).

(This court is aware of no reason that would prevent the pretrial services contract from containing an explanation of *Miranda* rights and an acknowledgement by the defendant that he understands that anything he says to a probation officer will be used against him in court, whether in custody or not, whether interrogated or not. No such provision is in the instant agreement.)

An "interrogation" occurs, and *Miranda* warnings are necessary, where the officers should know that their words or actions are reasonably likely to elicit an incriminating response from the suspect. *Commonwealth v. Gwynn,* 555 Pa. 86, 723 A.2d 143 (1998). An "interrogation" for *Miranda* purposes is defined as questioning initiated by law enforcement officials. *Commonwealth v. McAliley,* 919 A.2d 272 (Pa. Super. 2007 ) However,

an unsolicited statement by the suspect is admissible, and *Miranda* warnings are unnecessary under such circumstances. *Commonwealth v King,* 554 Pa. 331, 721 A.2d 763 (1998). Bailey's spontaneous statement that, "everything in the car is mine" is therefore, admissible.

On the other hand, any admissions made by a criminal defendant that are not preceded by *Miranda* warnings and that are the product of custodial interrogation, may not be used as evidence at trial. *Commonwealth v. Peters,* 473 Pa. 72, 373 A.2d 1055 (1977). Townsend testified that prior to Detective O'Barto arriving at Bailey's residence and giving Bailey his *Miranda* rights, the probation officers had questioned Bailey about the sandwich bags and how he supported himself. The court finds that the statements must be suppressed as law enforcement officials began questioning Bailey after he was arrested without first providing him with *Miranda* warnings.

When O'Barto arrived at the scene and was introduced to Bailey he *Mirandized* him, Bailey was then asked similar questions as to the sandwich bags and his income. However, Pennsylvania courts have long recognized that once an initial inculpatory admission has been improperly obtained, it may create a strong "psychological pressure to confess." *Commonwealth v. Chacko,* 500 Pa. 571, 459 A.2d 311(1983). Moreover, when a prior statement. is actually coerced, the time that passes between confessions, the change in place of interrogations, and the change in identity of the interrogators all bear on whether such coercion has carried over into the defendant's second statements. *Oregon v. Elstad,* 470 U.S. 298 (1985).

From the testimony provided by the probation officers it appears to the court that a short time period passed from when the officers questioned Bailey to when O'Barto arrived, read Bailey his *Miranda* rights and also began questioning him. Therefore, the court finds that when Bailey repeated the same answers to O'Barto's questions, it was simply the product of the fact he had already said the same answers to the similar questions when questioned by the probation officers a short time prior. Therefore, the initial coercion by the probation officers questions "carried over" into Bailey's second statements. Thus, Bailey's statements made to O'Barto must also be suppressed, as they remain tainted despite the fact proper warnings were given.

Wherefore, the court enters the following order.

## ORDER

And now, November 30, 2009, upon consideration of the defendant's omnibus pretrial motion and the arguments of counsel said motion is denied in part and granted in part in accordance with the preceding opinion.